**Karen BODICK, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner, SSA, Defendant–Appellee.**

No. 00–55083.

D.C. No. CV–98–02774–AJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided June 22, 2001.

Before TROTT, McKEOWN, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Karen Bodick appeals the district court's order affirming the determination by the Commissioner of Social Security that Bodick was not disabled and not entitled to Social Security benefits. Bodick raises two claims of error. First, she argues that the Administrative Law Judge ("ALJ") failed to account for limitations on reaching placed upon her by one of her doctors, and that this error necessitates a remand to determine whether jobs exist that do not require reaching and for which Bodick is qualified. Bodick also contends that the ALJ failed to fully develop the record by not attempting to determine whether Bodick's pain could be explained by a somato-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

form disorder. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## DISCUSSION

■ Because the parties are familiar with the facts of the case we recite them only as necessary to explain our decision. We review de novo a district court's decision to uphold an ALJ's order denying social security disability benefits. See Harman v. Apfel, 211 F.3d 1172, 1174 (9th Cir.2000). Like the district court, we are required to give deference to the Commissioner's decision, and must affirm if it applies the correct legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); see also Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999).

### A. Limitations on Reaching

Bodick claims we must reverse this case because the ALJ failed to account for her potential limitations on reaching. She relies on the report of Dr. Jalil Rashti, an orthopedic surgeon who indicated on a check-the-box "Physical Capabilities Evaluation" form that Bodick could reach only "occasionally." Bodick also relies on Social Security Ruling 85–15, which instructs that reaching is "required in almost all jobs," at all exertional levels and that "significant" limitations on reaching "may eliminate a large number of occupations a person could otherwise do." Social Security Ruling 85–15, 1985 WL 56857 at *7.

■ Bodick's claim fails for two reasons. First, there is sufficient evidence in the record indicating that Bodick can in fact reach. In particular, Bodick testified that although she did not reach often, she could do it if she had to. Second, the Vocational Expert ("VE") who testified at the hearing before the ALJ testified that Bodick would qualify to be a surveillance system monitor—a job that does not happen to require reaching. One occupation is sufficient to support a finding that a claimant is not disabled. 20 C.F.R. § 416.966(b). Additionally, the VE testified that 2,000 surveillance system monitor jobs exist in the Los Angeles area, and 3,000 such jobs exist in California. This number is large enough to support a finding that jobs for which Bodick is qualified exist in significant numbers. See Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1479 (9th Cir.1989) (holding that 1,266 jobs constitutes a "significant number"). Therefore, any possible error committed by the ALJ was harmless.

### B. The ALJ Fully and Fairly Developed the Record

■ Bodick also argues that the ALJ failed to fully develop the record to discover whether she suffers from a somatoform disorder or some other psychological condition that could account for her levels of pain. This claim also fails. While ALJs do have a duty to fully develop the record in social security cases, DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir.1991), this duty is only triggered when the record does not present sufficient evidence to allow the ALJ to reach a decision. "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." Naber v. Shalala, 22 F.3d 186, 189 (8th Cir.1994) (citing 20 C.F.R. § 416.927(c)(4)).

■ The record in this case provides sufficient evidence to support the ALJ's determination that Bodick does not suffer from a disabling mental condition. The ALJ sent Bodick to a psychiatrist, Dr. Salman Magid, to conduct a complete evaluation. Dr. Magid concluded that Bodick had no discernible mental condition. He also indicated that Bodick had no impair-

ments in her understanding and memory, concentration and persistence, and adaptability. Dr. Magid concluded that Bodick "should be able to understand, carry out and remember simple and complex instructions, ... respond appropriately to co-workers, supervisors and the general public, ... [and] respond appropriately to usual work settings in such matters as attendance, safety and changes in work routine." Finally, Bodick's own testimony demonstrated that her pain does not substantially interfere with her daily activities, such as walking to the store, cooking, cleaning, and taking care of children.

AFFIRMED.